[Civ. No. 8984.    Third Dist.    Mar. 4, 1957.]

TOMMIE REYNOLDS, a Minor, etc., Appellant, v. FRANZ H. SALMONSON et al., Respondents.

J. Adrian Palmquist and James F. Boccardo for Appellant.

Weis & Weis, Rich, Fuidge & Dawson and Thomas Marsh for Respondents.

VAN DYKE, P. J.—Plaintiff Tommie Reynolds, a minor, brought this action against respondents to recover damages for injuries sustained when he was made blind by an explosion of dynamite caps on September 15, 1947. On July 25, 1955, a judgment of the court sitting without a jury was entered in favor of respondents, and plaintiff appeals.

Prior to the accident, appellant's father and his family were living in a dwelling house located on orchard property owned by Franz Salmonson, his wife and their son Herbert. Franz and Herbert had operated the ranch for others from 1943 and became the owners a few months before the accident. Reynolds, senior, was employed by Franz and Herbert as a farm laborer. The dwelling house was furnished under the terms of his employment. A pump house, housing an electrically driven irrigation pump, was located about 60 feet from the dwelling. It was not kept locked. At the time of the explosion, appellant was 5 years of age, and on that day he, his brother Ronnie, aged 7, and a cousin Larry, also aged 7, were playing around the pump house. They entered it as they had frequently done. That they frequently entered the pump house was known to Herbert and Franz, who had warned them to stay out. On September 13th, the children had entered the pump house and had found a coat hanging on the wall inside. In the pocket of the coat they had found a can which contained dynamite caps. They had no knowledge of the danger of these caps. Ronnie took the can from the coat, placed it on a crossbeam in the pump house, and when the children entered on September 15th they took the can from the pump house and endeavored to open it by pounding on it with a piece of iron. The caps exploded, causing the injury for which appellant sued.

The evidence further discloses that in February, 1943, Franz purchased dynamite caps, which were used in blasting operations on a neighboring farm, operated by Franz and Herbert for its owners. When the blasting was over, some caps were unused, and these Herbert took, announcing his intention of disposing of them in the river. After the accident and preceding this action, Herbert died, but it was in evidence that, having announced his intention of disposing of the caps, he drove easterly toward the Feather River in-

ferably for that purpose. The coat in which the caps were found by the children did not belong to any member of the Salmonson family nor to the family of appellant. There was evidence that at various times before and after Herbert and Franz became the owners of the ranch, they thoroughly cleaned the pump house and removed therefrom all loose articles and things not needed in the operation of the pump for the irrigation of the orchard; that when the pump was running it was necessary for someone to enter the pump house several times a day and inspect the pump; that among others who frequently entered for that purpose was appellant's father; that no one so entering the pump house recalled having seen the coat prior to the accident; that neither Herbert nor Franz had ever had any actual knowledge of the presence of the caps in the pump house.

The trial court made findings that the caps found in the pump house by the children were not the caps purchased four years before by Franz for blasting operations on the neighboring ranch; that the owners of the property and their employees had no occasion or reason to enter the pump house when the pump was not being used; that the pump had not been used for about six weeks prior to the accident; and that none of the Salmonsons had entered the pump house during that period, and in the exercise of ordinary care of the premises were not required to do so; that the caps were not in the pump house at any time prior to the time they were found there by the children; that the respondents, neither by or through themselves or their agents or employees, had carelessly or at all kept the caps in the pump house; that when the Reynolds family moved into the dwelling house the caps were not there nor were they thereafter placed there by the respondents or by any person for whose acts they were responsible. Finally, the court found as a fact that respondents had not been careless or negligent in regard to the maintenance of the pump house, and that the explosion and the injuries were not the result of any negligence on their part.

The sole contention on the appeal is that the foregoing findings are not supported by the evidence. The contention cannot be sustained. From the fact that respondents had used caps four years before and had some left, from respondents' possession and control of the premises where the caps were found, from the improbability that a stranger would trespass and leave his coat and the caps in the pump house, from these and other circumstances the trial court could have

concluded that respondents had in fact kept the caps where they were found, in violation of the duty they owed appellant and of the pertinent statute (Health & Saf. Code, §§ 12150 and 12221) and were responsible for the injuries inflicted on appellant. This, however, the court was not bound to conclude. The issue was one of fact, and from the negative evidence that the respondents had not used or had in their possession or control any dynamite caps after disposing of those used four years before in blasting operations on the nearby ranch, from the evidence that none of those who frequented the pump house had seen the coat in the pocket of which the caps were placed in the pump house, until the children found it hanging there, the trial court could conclude, as it did, that the presence of the caps in the pump house was unknown to the respondents, and that they had been placed there or permitted to be there by no act of the respondents or those for whose actions respondents were responsible. ▇▇ It is true that, since the Reynolds family, including the children, were properly on the premises, the dwelling house and its immediate environs at least, being furnished to Reynolds, senior, as a part of his compensation for labor, liability could be fastened upon respondents if they were negligent in allowing so highly dangerous a commodity as dynamite caps to be in a place where the children could obtain them (10 A.L.R.2d p. 22 et seq.); but here again whether or not respondents were negligent in not having, through more frequent inspections of the premises, discovered the presence of the caps was a question of fact for the trial court. Any negligence in their care of the premises had to be related to the matter of inspection under all the circumstances, including those as to the use of the pump house which the court found to be of such a nature as not to require anyone to be in there, except when the pump was operating, since the pump house, according to the testimony, was used for no other purpose than to house the pump. Having found the respondents did not store or keep the caps in the building, the question of whether or not respondents, in the exercise of due care, should have, by reasonable inspection, discovered the caps before the children did, was for the trial court to determine. The circumstances support the court's findings absolving respondents.

We find no error in the record.

The judgment is affirmed.

Peek, J., and Schottky, J., concurred.